UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PATRICIA GAIL KENT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00065-P |
| | § | |
| NEWREZ, LLC dba SHELLPOINT MORTGAGE SERVICING, | § § | |
| | § | |
| Defendant. | § § | |

**SHELLPOINT MORTGAGE SERVICING'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

NewRez LLC d/b/a Shellpoint Mortgage Servicing (**Shellpoint**) answers Patricia Gail Kent's complaint as follows:

**I.     ADMISSIONS AND DENIALS**

**INTRODUCTION**

1.     Shellpoint states the allegations in paragraph 1 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. Shellpoint otherwise denies any allegations in paragraph 1 and denies Ms. Kent is entitled to the relief sought.

2.     Shellpoint states the allegations in paragraph 2 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. Shellpoint otherwise denies any allegations in paragraph 2 and denies Ms. Kent is entitled to the relief sought.

## PARTIES

3. Paragraph 3 presents legal conclusions to which no response is required. To the extent not specifically admitted, Shellpoint is without information or knowledge sufficient to admit or deny the allegations in paragraph 3, and therefore, denies same.

4. Shellpoint maintains a registered agent in Texas. To the extent not specifically admitted, Shellpoint denies the remaining allegations in paragraph 4.

5. Paragraph 5 presents legal conclusions to which no response is required. Texas Finance Code §§ 392.001(3), (6), and (7) speak for themselves. Shellpoint denies the remaining allegations in paragraph 5.

6. Paragraph 6 presents legal conclusions to which no response is required. Texas Finance Code § 392.001(2) speaks for itself. Shellpoint denies the remaining allegations in paragraph 6.

## JURISDICTION AND VENUE

7. Shellpoint admits a United States court has jurisdiction of this matter.

8. Paragraph 8 presents legal conclusions to which no response is required. Shellpoint reserves the right to seek venue transfer.

## FACTUAL ALLEGATIONS

9. The bankruptcy documents are self-evident and speak for themselves. Shellpoint is without information or knowledge sufficient to admit or deny the remaining allegations in paragraph 9, and therefore, denies same.

10. The bankruptcy documents are self-evident and speak for themselves. Shellpoint is without information or knowledge sufficient to admit or deny the remaining allegations in paragraph 10, and therefore, denies same.

11. Shellpoint admits the document attached as exhibit "A" purports to be a copy of a schedule D.

12. The bankruptcy documents are self-evident and speak for themselves. Shellpoint is without information or knowledge sufficient to admit or deny the remaining allegations in paragraph 12, and therefore, denies same.

13. The bankruptcy documents are self-evident and speak for themselves. Shellpoint is without information or knowledge sufficient to admit or deny the remaining allegations in paragraph 13, and therefore, denies same.

14. The bankruptcy documents are self-evident and speak for themselves. Shellpoint is without information or knowledge sufficient to admit or deny the remaining allegations in paragraph 14, and therefore, denies same.

15. Shellpoint admits the document attached as exhibit "B" purports to be a copy of part of an amended chapter 13 plan.

16. The bankruptcy documents are self-evident and speak for themselves. Shellpoint is without information or knowledge sufficient to admit or deny the remaining allegations in paragraph 16, and therefore, denies same.

17. The bankruptcy documents are self-evident and speak for themselves. Shellpoint is without information or knowledge sufficient to admit or deny the remaining allegations in paragraph 17, and therefore, denies same.

18. The bankruptcy documents are self-evident and speak for themselves. Shellpoint is without information or knowledge sufficient to admit or deny the remaining allegations in paragraph 18, and therefore, denies same.

19. The bankruptcy documents are self-evident and speak for themselves. Shellpoint is without information or knowledge sufficient to admit or deny the remaining allegations in paragraph 19, and therefore, denies same.

20. Shellpoint admits it began servicing Ms. Kent's loan sometime after November 6, 2017. Shellpoint admits Ditech Financial LLC was a prior servicer of the loan. Shellpoint is without information or knowledge sufficient to admit or deny the remaining allegations in paragraph 20, and therefore, denies same.

21. The bankruptcy documents are self-evident and speak for themselves. Shellpoint is without information or knowledge sufficient to admit or deny the remaining allegations in paragraph 21, and therefore, denies same.

22. The bankruptcy documents are self-evident and speak for themselves. Shellpoint is without information or knowledge sufficient to admit or deny the remaining allegations in paragraph 22, and therefore, denies same.

23. Shellpoint admits the document attached as exhibit "C" purports to be a copy of a discharge order.

24. Shellpoint denies the allegations in paragraph 24.

25. Shellpoint admits paragraph 25 purports to describe a mortgage statement dated April 24, 2020. Shellpoint admits the document attached as exhibit "D" appears to be an altered copy of a mortgage statement Shellpoint sent Ms. Kent dated April 24, 2020 and denies any allegations inconsistent with the original, unaltered document.

26. Shellpoint admits the document attached as exhibit "D" appears to be an altered copy of a mortgage statement dated April 24, 2020.

27. Shellpoint is without information or knowledge sufficient to admit or deny the allegations in paragraph 27, and therefore, denies same.

28. Shellpoint admits paragraph 28 purports to describe a mortgage statement dated May 27, 2020. Shellpoint admits the document attached as exhibit "E" appears to accurately represent a mortgage statement Shellpoint sent Ms. Kent dated May 27, 2020 and denies any allegations inconsistent with that document.

29. Shellpoint admits the document attached as exhibit "E" purports to be a copy of a mortgage statement dated May 27, 2020.

30. Shellpoint admits paragraph 30 purports to describe a mortgage statement dated June 22, 2020. Shellpoint admits the document attached as exhibit "F" appears to accurately represent a mortgage statement Shellpoint sent Ms. Kent dated June 22, 2020 and denies any allegations inconsistent with that document.

31. Shellpoint admits the document attached as exhibit "F" purports to be a copy of a mortgage statement dated June 22, 2020.

32. Shellpoint admits paragraph 32 purports to describe a hazard insurance letter dated July 22, 2020. Shellpoint admits the document attached as exhibit "G" appears to accurately represent a hazard insurance letter Shellpoint sent Ms. Kent dated July 22, 2020 and denies any allegations inconsistent with that document.

33. Shellpoint admits the document attached as exhibit "G" purports to be a copy of a hazard insurance letter dated July 22, 2020.

34. Shellpoint admits paragraph 34 purports to describe a loss mitigation packet dated August 4, 2020. Shellpoint admits the document attached as exhibit "H" appears to be an altered

copy of a loss mitigation packet Shellpoint sent Ms. Kent dated August 4, 2020 and denies any allegations inconsistent with the original, unaltered document.

35. Shellpoint admits the document attached as exhibit "H" purports to be a copy of a loss mitigation packet dated August 4, 2020.

36. Shellpoint admits paragraph 36 purports to describe a second and final hazard insurance notice dated August 21, 2020. Shellpoint admits the document attached as exhibit "I" appears to accurately represent a second and final hazard insurance notice Shellpoint sent Ms. Kent dated August 4, 2020 and denies any allegations inconsistent with that document.

37. Shellpoint admits the document attached as exhibit "I" purports to be a copy of a second and final hazard insurance notice dated August 21, 2020.

38. Shellpoint admits paragraph 38 purports to describe a letter regarding hazard insurance dated September 8, 2020. Shellpoint admits the document attached as exhibit "J" appears to accurately represent a letter regarding hazard insurance Shellpoint sent Ms. Kent dated September 8, 2020 and denies any allegations inconsistent with that document.

39. Shellpoint admits the document attached as exhibit "J" purports to be a copy of a letter regarding hazard insurance dated September 8, 2020, not September 2, 2020.

40. Shellpoint admits paragraph 40 purports to describe an annual escrow account disclosure statement - account history dated October 26, 2020. Shellpoint admits the document attached as exhibit "K" appears to be an altered copy of an annual escrow account disclosure statement - account history Shellpoint sent Ms. Kent dated October 26, 2020 and denies any allegations inconsistent with the original, unaltered document.

41. Shellpoint admits the document attached as exhibit "K" purports to be a copy of an annual escrow account disclosure statement - account history dated October 26, 2020.

42.     Shellpoint admits paragraph 42 purports to describe a notice of default and intent to accelerate dated November 5, 2020.  Shellpoint admits the document attached as exhibit "L" appears to accurately represent a notice of default and intent to accelerate Shellpoint sent Ms. Kent dated November 5, 2020 and denies any allegations inconsistent with that document.

43.     Shellpoint admits the document attached as exhibit "L" purports to be a copy of a notice of default and intent to accelerate dated November 5, 2020.

44.     Shellpoint states the allegations in paragraph 44 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required.  To the extent a response is required, Shellpoint denies the allegations in paragraph 44 and denies Ms. Kent is entitled to the relief sought.

45.     Shellpoint states the allegations in paragraph 45 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required.  To the extent a response is required, Shellpoint denies the allegations in paragraph 45 and denies Ms. Kent is entitled to the relief sought.

46.     Shellpoint admits the document attached as exhibit "M" purports to be a copy of a part of Ms. Kent's TransUnion credit report dated January 11, 2021.

## GROUNDS FOR RELIEF – COUNT I

### Texas Finance Code – Texas Debt Collection Act (TDCA)

47.     Shellpoint adopts and incorporates by reference the above paragraphs as though fully set forth herein.

48.     Texas Finance Code §§ 392.301(a)(8), 392.303(2), 392.304(a)(8), 392.304(a)(12), and 392.304(a)(19) speak for themselves.  Shellpoint states the allegations in paragraph 48 constitute nothing more than argument and/or conclusions of law, rather than statements of fact,

therefore no response is required.  To the extent a response is required, Shellpoint denies the allegations in paragraph 48 and denies Ms. Kent is entitled to the relief sought.

49. Texas Finance Code § 392.403 speaks for itself.  Shellpoint states the allegations in paragraph 49 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required.  To the extent a response is required, Shellpoint denies the allegations in paragraph 49 and denies Ms. Kent is entitled to the relief sought.

50. Shellpoint states the allegations in paragraph 50 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required.  To the extent a response is required, Shellpoint denies the allegations in paragraph 50 and denies Ms. Kent is entitled to the relief sought.

## GROUNDS FOR RELIEF – COUNT II

### Invasion of Privacy

51. Shellpoint adopts and incorporates by reference the above paragraphs as though fully set forth herein.

52. Shellpoint states the allegations in paragraph 52 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required.  To the extent a response is required, Shellpoint denies the allegations in paragraph 52 and denies Ms. Kent is entitled to the relief sought.

53. Texas Civil Practice and Remedies Code § 41.003(a) speaks for itself.  Shellpoint states the allegations in paragraph 53 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required.  To the extent a response

is required, Shellpoint denies the allegations in paragraph 53 and denies Ms. Kent is entitled to the relief sought.

## GROUNDS FOR RELIEF – COUNT III

### Defamation

54. Shellpoint adopts and incorporates by reference the above paragraphs as though fully set forth herein.

55. Shellpoint states the allegations in paragraph 55 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, Shellpoint denies the allegations in paragraph 55 and denies Ms. Kent is entitled to the relief sought.

56. Shellpoint states the allegations in paragraph 56 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, Shellpoint denies the allegations in paragraph 56.

57. Shellpoint states the allegations in paragraph 57 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, Shellpoint denies the allegations in paragraph 57.

58. Shellpoint states the allegations in paragraph 58 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, Shellpoint denies the allegations in paragraph 58.

59. Shellpoint states the allegations in paragraph 59 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, Shellpoint denies the allegations in paragraph 59.

60. Shellpoint states the allegations in paragraph 60 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, Shellpoint denies the allegations in paragraph 60.

61. Shellpoint states the allegations in paragraph 61 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, Shellpoint denies the allegations in paragraph 61.

62. Shellpoint states the allegations in paragraph 62 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, Shellpoint denies the allegations in paragraph 62.

63. Shellpoint states the allegations in paragraph 63 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, Shellpoint denies the allegations in paragraph 63.

64. Shellpoint states the allegations in paragraph 64 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, Shellpoint denies the allegations in paragraph 64 and denies Ms. Kent is entitled to the relief sought.

65. Shellpoint states the allegations in paragraph 65 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, Shellpoint denies the allegations in paragraph 65 and denies Ms. Kent is entitled to the relief sought.

66. The Bankruptcy Code and bankruptcy documents speak for themselves. Shellpoint states the allegations in paragraph 66 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response

is required, Shellpoint denies the allegations in paragraph 66 and denies Ms. Kent is entitled to the relief sought.

67. The Federal Declaratory Judgment Act speaks for itself. Shellpoint states the allegations in paragraph 67 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, Shellpoint denies the allegations in paragraph 67 and denies Ms. Kent is entitled to the relief sought.

## **GROUNDS FOR RELIEF – COUNT IV**

### **Violation of the Discharge Injunction**

68. Shellpoint adopts and incorporates by reference the above paragraphs as though fully set forth herein.

69. Shellpoint states the allegations in paragraph 69 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, Shellpoint denies the allegations in paragraph 69 and denies Ms. Kent is entitled to the relief sought.

70. Shellpoint states the allegations in paragraph 70 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, Shellpoint denies the allegations in paragraph 70 and denies Ms. Kent is entitled to the relief sought.

71. 11 U.S.C. § 524(a) speaks for itself. Shellpoint states the allegations in paragraph 71 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, Shellpoint denies the allegations in paragraph 71 and denies Ms. Kent is entitled to the relief sought.

72. 11 U.S.C. § 524(a) speaks for itself.  Shellpoint states the allegations in paragraph 72 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required.  To the extent a response is required, Shellpoint denies the allegations in paragraph 72 and denies Ms. Kent is entitled to the relief sought.

73. Shellpoint states the allegations in paragraph 73 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required.  To the extent a response is required, Shellpoint denies the allegations in paragraph 73 and denies Ms. Kent is entitled to the relief sought.

74. 11 U.S.C. § 524(a)(2) and the bankruptcy documents speak for themselves.  Shellpoint states the allegations in paragraph 74 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required.  To the extent a response is required, Shellpoint denies the allegations in paragraph 74 and denies Ms. Kent is entitled to the relief sought.

75. 11 U.S.C. § 524 speaks for itself.  Shellpoint states the allegations in paragraph 75 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required.  To the extent a response is required, Shellpoint denies the allegations in paragraph 75 and denies Ms. Kent is entitled to the relief sought.

76. The bankruptcy documents speak for themselves.  Shellpoint states the allegations in paragraph 76 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required.  To the extent a response is required, Shellpoint denies the allegations in paragraph 76 and denies Ms. Kent is entitled to the relief sought.

77. Shellpoint states the allegations in paragraph 77 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, Shellpoint denies the allegations in paragraph 77 and denies Ms. Kent is entitled to the relief sought.

78. 11 U.S.C. §§ 105 and 524 speak for themselves. Shellpoint states the allegations in paragraph 78 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, Shellpoint denies the allegations in paragraph 78 and denies Ms. Kent is entitled to the relief sought.

## VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

79. Shellpoint denies the allegations in paragraph 79.

## DAMAGES

80. Shellpoint denies the allegations in paragraph 80 and denies Ms. Kent is entitled to the relief sought.

81. Shellpoint states the allegations in paragraph 81 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, Shellpoint denies the allegations in paragraph 81 and denies Ms. Kent is entitled to the relief sought.

82. Shellpoint denies the allegations in paragraph 82 and denies Ms. Kent is entitled to the relief sought.

83. Shellpoint denies the allegations in paragraph 83 and denies Ms. Kent is entitled to the relief sought.

84. Shellpoint denies the allegations in paragraph 84 and denies Ms. Kent is entitled to the relief sought.

85. Shellpoint denies the allegations in paragraph 85 and denies Ms. Kent is entitled to the relief sought.

86. Shellpoint denies the allegations in paragraph 86 and denies Ms. Kent is entitled to the relief sought.

87. Shellpoint denies Ms. Kent is entitled to the relief sought in the WHEREFORE clause and its subparts on page 18 of the complaint.

## II.    SHELLPOINT'S AFFIRMATIVE DEFENSES

88. Ms. Kent's allegations fail to state a claim upon which relief can be granted.

89. Ms. Kent's claims are barred, in whole or in part, for failure to perform conditions precedent, including, but not limited to, complying with the terms of her loan agreement.

90. Ms. Kent's damages, if any, were caused or contributed to by her own prior breach of contract and/or negligence.

91. Ms. Kent's claims are barred, in whole or in part, because she failed to mitigate her damages, if any.

92. Ms. Kent's claims are barred, in whole or in part, because any wrongful act or omission alleged to have been committed by Shellpoint was a good faith result of a bona fide error.

93. Ms. Kent's claims are barred in whole or part, because she failed to revoke consent, or in the alternative, because any purported revocation of consent was ineffective.

94. Ms. Kent's claims are barred, in whole or in part, because correspondence, if any, was made with prior express consent.

95. Any alleged wrongful acts or omissions by Shellpoint, if and to the extent such acts and omissions occurred, were legally excused or justified.

96. Ms. Kent's claims are barred, in whole or in part, by the doctrines of consent, knowledge, statute of limitations, waiver, ratification, estoppel, and/or laches.

97. Ms. Kent's claims are barred, in whole or in part, by federal preemption.

98. Ms. Kent's punitive damages requests are barred, in whole or in part, by the Due Process Clause and the Excessive Fines Clause of the United States Constitution, Texas Civil Practice and Remedies Code chapter 41, or any other applicable law.

## III.   PRAYER

WHEREFORE, premises considered, Shellpoint respectfully prays this court render judgment Ms. Kent takes nothing by her suit and award Shellpoint any such additional relief to which it may be justly entitled.

Date: February 8, 2021                                        Respectfully submitted,

*/s/ C. Charles Townsend*
C. Charles Townsend; SBN: 24028053
charles.townsend@akerman.com
Taylor Perona; SBN: 24118495
taylor.perona@akerman.com
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339

**ATTORNEYS FOR SHELLPOINT**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2021, a true and correct copy of the foregoing was served as follows:

**VIA ECF**
James J. Manchee
Manchee & Manchee, P.C.
5048 Tennyson Parkway, Suite 250
Plano, Texas 75024

Susan B. Hersh
Susan B Hersh, P.C.
12770 Coit Road, Suite 1100
Dallas, TX 75251

*Counsel for Plaintiff*

*/s/ C. Charles Townsend*
C. Charles Townsend